```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
_____
                                   :
CLIFTON SAVAGE,                    :
                                   :
         Petitioner,               :    Civ. No. 17-1985 (NLH)
                                   :
     v.                            :    OPINION
                                   :
WARDEN MARK KIRBY,                 :
                                   :
         Respondent.               :
_____:
```

APPEARANCES:
Clifton Savage
64227-066
Fairton
Federal Correctional Institution
P.O. Box 420
Fairton, NJ 08320
     Petitioner Pro se

HILLMAN, District Judge

Petitioner Clifton Savage, a prisoner confined at the Federal Correctional Institution ("FCI") in Fairton, New Jersey, filed this writ of habeas corpus under 28 U.S.C. § 2241, challenging a sentencing enhancement. (ECF No. 1.) At this time, the Court will review the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. For the reasons set forth below, the Petition will be dismissed.

I. **BACKGROUND**

On April 26, 2010, after a jury trial before the United States District Court for the Eastern District of Pennsylvania, Petitioner was convicted of one count of possession of a firearm by a convicted felon under 18 U.S.C. §§ 922(g) and 924(e). U.S. v. Savage, Criminal Action No. 09-600 (E.D. Pa. 2010.) On January 3, 2011, the court sentenced him to 180 months' incarceration. Id. Petitioner filed a direct appeal challenging the constitutionality of § 922(g). U.S. v. Savage, Criminal Action No. 11-1014 (3d Cir. 2011). On September 9, 2011, the Court of Appeals for the Third Circuit summarily affirmed his conviction. Id. The United States Supreme Court denied his petition for certiorari on January 9, 2012. Savage v. United States, 132 S. Ct. 1057 (2012).

On October 29, 2015, Petitioner filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 with the district court in the Eastern District of Pennsylvania. Savage v. U.S., Civil Action No. 15-5903 (E.D. Pa. 2015). He argued that the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015), rendered 18 U.S.C. §924(e)(2)(B) unconstitutional and invalidated his sentence. Id. The sentencing court denied relief and it does not appear that he filed an appeal with the Third Circuit. Id.

On March 20, 2017, Petitioner filed an application with the Third Circuit for permission to file a second or successive § 2255 petition in light of Johnson and Mathis v. United States, 136 S. Ct. 2243 (2016). In Re: Clifton Savage, Civil Action No. 17-1667 (3d Cir. 2017). The Third Circuit denied permission. Id.

Petitioner appears to have filed the instant habeas petition at the same time as his application for permission to file a second or successive § 2255 petition with the Third Circuit. (ECF No. 1.) The brief filed in support of the instant § 2241 Petition is nearly identical to the brief filed with the Third Circuit. In both, Petitioner argues that his sentence enhancement under the Armed Career Criminal Act was rendered unconstitutional by the Supreme Court's holdings in Johnson and Mathis. (Id.)

**II. DISCUSSION**

**A. Legal Standard**

United States Code Title 28, Section 2243, provides in relevant part as follows:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition must be construed liberally. See Hunterson v. DiSabato, 308 F.3d 236, 243 (3d Cir. 2002). Nevertheless, a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief. See Denny v. Schultz, 708 F.3d 140, 148 n. 3 (3d Cir. 2013); see also 28 U.S.C. §§ 2243, 2255.

**B. Analysis**

As noted by the Court of Appeals for the Third Circuit in In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997), a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement. See also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. McKeithan, 437 F. App'x 148, 150 (3d Cir. 2011); United States v. Walker, 980 F. Supp. 144, 145–46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective

to test the legality of [Petitioner's] detention." See 28 U.S.C. § 2255(e). In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." Dorsainvil, 119 F.3d at 251.

The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255. Id. To the contrary, the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in Dorsainvil because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all. Id. at 251-52.

The Court of Appeals for the Third Circuit subsequently emphasized the narrowness of its Dorsainvil holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on Apprendi

5

v. New Jersey, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." See Okereke, 307 F.3d at 120-21 (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). The mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy. See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).

Here, Petitioner's claims do not fall into the Dorsainvil exception. Specifically, he does not allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate. Instead, his claims relate to the purported impropriety of his sentence, not the crimes for which he was convicted. See Scott v. Shartle, 574 F. App'x 152, 155 (3d Cir. 2014) ("[B]ecause [petitioner] is challenging his career offender designation and is not claiming that he is now innocent of the predicate offense, he does not fall within the 'safety valve' exception created in In re Dorsainvil and cannot proceed under § 2241") (citation omitted); McIntosh v. Shartle, 526 F. App'x 150, 152 (3d Cir. 2013) ("Here, McIntosh is challenging his designation

as a career offender. Thus, he does not fall within the exception created in Dorsainvil and may not proceed under § 2241") (citation omitted); Johnson v. Scism, 454 F. App'x 87, 88 (3d Cir. 2012) (same); Wyatt v. Warden FCI Fort Dix, No. 17-1335, 2017 WL 1367239 (D.N.J. Apr. 10, 2017) (finding court lacks jurisdiction under § 2241 when petitioner is challenging his sentencing enhancement under Mathis); Newman v. Kirby, No. 17-4653, 2017 WL 3080729 (D.N.J. July 19, 2017) (same); Coleman v. Kirby, 2017 WL 3332262 (D.N.J. Aug. 4, 2017) (same).

Moreover, even if this Court had jurisdiction to consider Petitioner's claims, he would not be entitled to relief. As stated by the Third Circuit:

> Petitioner's predicate offenses for his mandatory minimum sentence under the Armed Career Criminal Act were four serious drug offenses involving cocaine, see 35 Pa. Cons. Stat. § 780-113(a)(30), and one conviction for aggravated assault, see 18 Pa. Cons. Stat. § 2702(a)(1). Petitioner's Armed Career Criminal Act sentence was not dependent on the Armed Career Criminal Act's residual clause. See 18 U.S.C. § 924(e)(2)(B)(ii). The Supreme Court's holding in Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015), made retroactive by Welch v. United States, ___ U.S. ___, 136 S. Ct. 1257 (2016), therefore has no application to Petitioner's case. Nor can the Supreme Court's decision in Mathis v. United States, ___ U.S. ___, 136 S. Ct. 2243 (2016), support Petitioner's application. That case involved statutory interpretation, not a new constitutional rule. See Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (per curiam). Moreover, Mathis does not apply to Petitioner's circumstances: under the

7

> modified categorical approach, his serious drug offenses, at least, qualify as constituent convictions under the Armed Career Criminal Act. See United States v. Abbott, 748 F.3d 154, 159-60 (3d Cir. 2014). Petitioner otherwise cites no other recent, relevant Supreme Court case and no newly discovered evidence.

In Re: Clifton Savage, Civil Action No. 17-1667 (3d Cir. 2017).

Based on the foregoing, the Court finds that it lacks jurisdiction under § 2241 over the instant habeas petition. Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interests of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed." 28 U.S.C. § 1631. In this case, the Court will not transfer the Petition to the Third Circuit for its consideration as a request to file a second or successive § 2255 motion because, as discussed above, the court has already denied that request from Petitioner. In Re: Clifton Savage, Civil Action No. 17-1667 (3d Cir. 2017).

**III. CONCLUSION**

For the foregoing reasons, the Petition will be summarily dismissed due to a lack of jurisdiction. An appropriate order follows.

Dated: November 22, 2017      s/ Noel L. Hillman
At Camden, New Jersey      NOEL L. HILLMAN, U.S.D.J.